## No. 15,899.

BROFMAN *v.* INDUSTRIAL COMMISSION ET AL.

(186 P. [2d] 584)

Decided October 14, 1947.   Rehearing denied November 10, 1947.

Mr. WILLIAM E. DOYLE, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, BARBARA LEE, Assistant, Mr.

HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, for defendants in error.

Mr. JUSTICE LUXFORD delivered the opinion of the court.

THIS is an industrial commission case. Harry Brofman, plaintiff in error, is hereinafter designated as claimant, and we will refer to defendants in error, the Industrial Commission of Colorado, City and County of Denver, and State Compensation Fund, as the commission, the employer and the insurance carrier respectively.

December 28, 1935, claimant, a Denver police officer, fell and bruised his hip in alighting from a radio car. The accident arose out of and in the course of his employment. January 3, 1936, he went to Denver General Hospital, was treated for his injury, and returned to work three days later. His hospital and doctor bills, in the sum of nineteen dollars were paid by the insurance carrier. In due time, "Report" and "Supplemental Report" of the accident were filed with the commission by the employer—claimant joining in the supplemental report—which contained a statement that he had sustained no permanent disability. No formal claim for compensation was filed with the commission and the case was closed. More than ten years later, and on August 23, 1946, claimant filed with the commission his "petition to reopen claim." This petition was denied, and on his "petition for review," the commission affirmed its former ruling denying the same. In an appropriate action in the district court the ruling of the commission was affirmed and claimant brings the case here alleging, among other grounds, that the court erred in holding that the claim was barred by section 110 of the Workmen's Compensation Act (section 389,

chapter 97, '35 C.S.A., as amended by chapter 135, Session Laws of 1943.)

The decision in this case hinges upon our interpretation of said amended section 110, which reads as follows: "Upon its own motion on the ground of error, mistake or a change of condition, the Commission, at any time *within six years from the date of accident in cases where no compensation has been paid; or, at any time within two years after the date last payment becomes due and payable or within six years from the date of accident, whichever is longer, in cases where compensation has been paid,* and after notice of hearing to the parties interested, may review any award and on such review, may make an award ending, diminishing, maintaining, or increasing compensation previously awarded, subject to the maximum and minimum provided in this Act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys already paid. *The Commission shall have power to review any case otherwise barred by this Section within a period of one year from the date of approval of this Act.*" The italicized portions represent the changes made in the old statute, and the amended statute applies retroactively to this case.

By reason of his injury, which consisted of a "bruised right hip," claimant was hospitalized for three days and then was discharged as having no "permanent disability." As above stated, his doctor and hospital bills were paid by the insurance carrier, and "This constituted the receipt of compensation within the meaning of the statute, and dispensed with the necessity of giving notice within six months." *Royal Indemnity Co. v. Industrial Com.,* 88 Colo. 113, 119, 293 Pac. 342; *Industrial Commission v. Globe Indemnity Co.,* 74 Colo. 52, 218 Pac. 910; *State Highway Department v. Stunkard,* 115 Colo. 358, 361, 174 P. (2d) 346.

■ It is contended however that even though compensation was paid claimant for his temporary injury, still section 110 of the Act, supra, does not apply, because it was not awarded by the commission after a hearing on the merits. In view of our decisions, this position is untenable. No formal hearing was had, and no award was made, in the case of *London G. & A. Co. v. Sauer,* 92 Colo. 565, 22 P. (2d) 624, where the employer's insurer paid compensation for twenty weeks temporary disability to an injured employee, under an agreement approved by the commission, and it was held that, "Voluntary payment under such conditions is equivalent to an absolute award." In the case of *Independence C. & S. Co. v. Taylor,* 97 Colo. 242, 48 P. (2d) 798, an employee sustained a compensable injury and the employer acknowledged liability. After negotiations, a settlement was made between the employee and the insurer. The commission approved the compromise settlement without making an award. More than ten years after the accident claimant petitioned the commission to reopen the case. It was reopened, and an award of compensation was made, which in a district court action was upheld by the court. In reversing the judgment with directions to the district court to return the record to the commission with instruction to that body to set aside the award and dismiss the case we said: "A bona fide settlement is the equivalent of an award of judgment reached upon the evidence."

■ The case at bar was brought to the attention of the commission on the "Petition to Reopen Claim" filed by claimant's counsel with the commission on August 23, 1946. August 31, 1946, the commission entered its "Findings of Fact and Award," as follows:

"In the above entitled cause the Commission having considered the entire file including the claimant's Petition for the Commission to Reopen this claim, and being now fully advised in the premises, finds:

"That this claimant was injured on December 28, 1935,

and returned to work January 6, 1936. He received no compensation other than medical benefits and he filed no claim for compensation. This claim is barred both under the provisions of Section 84 of the Act, which requires a claim to be filed within two years as a maximum time limit, and under Section 110 of the Act, which limits the power of the Commission to reopen a case to a period of six years after the accident, and then only when compensation has been paid. This Commission is, therefore, without jurisdiction to reopen and reconsider this case.

"It is, therefore, ordered: That the claimant's petition for this Commission to reopen this claim as of its own motion, be and and the same is hereby denied."

On claimant's application for review the commission, on October 3, 1946, entered its "supplemental award" as follows:

"The Commission having reviewed the entire file pursuant to claimant's application for review filed September 23, 1946 and affidavit thereto attached, and now being sufficiently advised in the premises, finds:

"That this cause is before the Commission on claimant's petition for the Commission to reopen and reconsider this claim under Section 110 of the Workmen's Compensation Act. A review of the Commission's file discloses that on January 17, 1936 respondent employer reported to this Commission that claimant had sustained an injury to his right hip on December 28, 1935. A supplemental report disclosed that claimant was able to return to work January 6, 1936, without permanent partial disability.

"Medical attention was secured at the Denver General Hospital, and upon investigation the Commission is advised that the respondent insurance carrier did pay for such medical attention. No claim for compensation was ever filed and none appeared to be due. Medical attention having been afforded, the case was accordingly closed.

"Under date of August 23, 1946, claimant petitioned the Commission to reopen and reconsider this cause. Section 110 Supra provides that within six years from the date of accident in cases where no compensation has been paid, the Commission may review any Award. In the instant case no Award was ever entered, nor in fact was any action ever taken by the Commission in connection with the case. More than six years having elapsed since the date of injury and no Award having ever been entered, this Commission is without authority to reopen and reconsider this cause.

"It is, therefore, ordered: That the Commission Award of August 31, 1946, declining to reopen and reconsider this cause on its own motion, be and the same is hereby affirmed as the Final Award of the Commission herein."

It will be noted that the commission in its "Findings of Fact and Award" and its "Supplemental Award" in each instance designates its conclusion as an "order."

In addition to the foregoing use of the term "award," it will be noted that it is used four times in section 110, supra. It does not necessarily follow that the same meaning is attached to its use in each instance. As the court said in *City of Sacramento v. Industrial Accident Commission*, 74 Cal. App., 387, 391, 240 Pac. 792, 794: "The mere fact that the same word is used in both instances does not necessitate the conclusion that the same meaning is attached thereto, or that the legislature or the voters of the state understood the use of the word to mean the same in both instances."

█ The clear intent and purpose of section 110, supra, is to give the commission, within six years from the date of the accident, authority to review the proceeding which resulted in the conclusion that compensation had been paid, whether it is designated an "order," "decision," "judgment" or "finding and award."

█ More than six years having elapsed from the date of the accident before claimant's "petition to reopen"

was filed with the commission, and more than two years having expired after the approval of the statutory amendment, we are of the opinion that it was right in declining to reopen the case, and that the district court properly sustained its conclusion.

The judgment is affirmed.

Mr. Chief Justice Burke and Mr. Justice Jackson concur.