No. 23282.

CAROL MARIE STENSVAD *v.* INDUSTRIAL COMMISSION OF THE STATE OF COLORADO (EX-OFFICIO UNEMPLOYMENT COMPENSATION COMMISSION OF COLORADO).
(445 P.2d 898)

Decided October 21, 1968.

DAVID W. SARVAS, L. L. NATHENSON, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, ROBERT L. HARRIS, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE GROVES.

THIS is an unemployment compensation case. A deputy of the Department of Employment ruled that the plaintiff in error, herein called claimant, was not entitled to benefits. After hearing, a referee of the Industrial Commission of Colorado (ex-officio Unemployment Compen-

sation Commission of Colorado) likewise held that she was not entitled to benefits. This decision in turn was affirmed by the Commission and the district court. We affirm.

Claimant had been a hairdresser for approximately three years prior to December of 1966. For one year during this period she worked for Mr. John, Inc., at its salon at the Hampshire House Hotel near downtown Denver. She was paid a 50% commission, which in her case amounted to approximately $150 per month. In April of 1966 Mr. John, Inc. closed this salon and offered claimant employment at another one of its salons in Aurora, which is adjacent to Denver. She refused this offer as she concluded to accept employment by a former manager of Mr. John, Inc. who opened a salon called Mayflower Coiffures at the Hampshire House. The salary at Mayflower Coiffures was also a 50% commission, which for her continued to amount to about $150 per month. Claimant remained in this employment until December 10, 1966, at which time she obtained a clerical position with the Home Indemnity Insurance Co. for $250 per month. She worked for the insurance company for only five days, being discharged for the reason that she failed to pass its physical examination.

Claimant applied for unemployment compensation on December 26, 1966. On January 2, 1967, acting through the Department of Employment, Mr. John, Inc. made an offer to rehire the claimant at its Aurora establishment and at the same compensation which it had previously paid her, i.e., a 50% commission. It was undisputed that this was the prevailing wage rate for hairdressers. Upon the communication of the offer of rehire by the Department of Employment, claimant refused it immediately. She was asked to give her reasons for refusal and she stated that the manager of Mr. John, Inc. was rude to her patrons, causing her to lose them, and that Mr. John, Inc. did not supply the shop with "decent" supplies. This testimony was controverted by the manager.

She also gave as a reason that the job was too far "for my means of transportation." However, she presented no evidence with respect to this and it was conceded by her counsel in oral argument here that there was adequate public transportation.

The basis for the referee's decision was that claimant had refused an offer of suitable work. One of the matters urged by claimant is that, in entering the insurance company's employ, she accepted a better job and, therefore, was entitled to an award of benefits upon becoming separated from that employment. This position is taken under the provisions of The Colorado Employment Security Act which provides, "Full award upon becoming separated from employment under the following conditions * * * Accepting a better job." 1965 Perm. Supp., C.R.S. 1963 82-4-8(4)(a) and (4)(g)(i). Thus, she contends, that her refusal to return to her former job at less pay should not bar her from receiving unemployment compensation. The act provides:

"* * * no award of benefits shall be granted to a claimant who is unemployed as a result of any of the following conditions * * * refusal of suitable work or refusal of referral to suitable work at any time from the beginning of the base period to the time of the filing of a claim. In determining whether or not any work is suitable for an individual, the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing work in his customary occupation, and the distance of the available local work from his residence, shall be considered." * * * 1965 Perm. Supp., C.R.S. 1963 82-4-8(6)(a) and (6)(c)(i).

The position of claimant in effect is that she did not refuse suitable work within the meaning of the statute because her "experience," "prior training," and "customary occupation" were changed by her short experience at clerical work in the employ of the insurance

company. Before hairdressing ceased to be "suitable work" the clerical work would have had to become her customary employment. We perceive that it might be difficult to prescribe a uniform rule as to the length of time a person must be on a job involving new duties before that employment becomes customary, nor do we need to reach a conclusion as to the length of time the clerical position would have had to become customary employment for the claimant. We do hold, however, that the five days of employment did not qualify claimant as a clerical employee and, therefore, "suitable work" for her was hairdressing.

■ Claimant also contended that (1) she refused the offer of rehire for good cause and (2) that the deputy's determination that she was not entitled to benefits was made before she was given a reasonable time to seek other work. With respect to the position that she had good cause in not accepting her former employment. as mentioned earlier, the testimony was in conflict and it supports both claimant's contention and the Commission's finding. In such a case, the Commission's decision will not be disturbed. C.R.S. 1963 82-5-11; *Morrison Road Bar v. Industrial Commission,* 138 Colo. 16, 328 P.2d 1076; *Industrial Commission v. Wilbanks,* 130 Colo. 36, 274 P.2d 99.

■ The claimant did not request additional time within which to seek other work and she summarily refused the offer of rehire without contacting the establishment to see if the undesirable conditions she thought existed in fact continued to exist. In such a situation the state agency has no obligation on its own motion to provide additional time for her to search, and the specification of error is therefore without merit.

The judgment is affirmed.

Mr. Chief Justice Moore, Mr. Justice Hodges and Mr. Justice Kelley concur.