No. 23335.

JAMES L. HARLAN, JR. *v.* INDUSTRIAL COMMISSION OF
COLORADO, STATE COMPENSATION INSURANCE FUND, STATE
OF COLORADO, COLORADO A & M COLLEGE.

(447 P.2d 1009)

Decided December 9, 1968.

Geoarge G. Christiansen, for plaintiff in error.

Alious Rockett, Francis L. Bury, Richard G. Fisher, for defendants in error State Compensation Insurance Fund, State of Colorado, Colorado A & M College.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Peter L. Dye, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by Mr. Justice Hodges.

This is a workmen's compensation case. The sole issue for our determination involves the jurisdiction of the Industrial Commission of Colorado to hold a hearing for additional benefits on the claimant Harlan's request which was made more than six years after the date of the accident. Medical benefits and temporary disability compensation were paid to the claimant by the State Compensation Insurance Fund, hereinafter called the "Fund," after it admitted general liability on the basis of an accident report filed with the Fund by the employer. The defendants in error contend that the Com-

mission's jurisdiction is precluded by C.R.S. 1963, 81-14-19, which was the basis for the Commission's order refusing jurisdiction and the trial court's judgment affirming the Commission's order. By this writ of error, the claimant challenges this judgment and argues that the statute does not operate to foreclose the jurisdiction of the Commission to consider the claimant's request under the facts of this case.

The claimant, a college professor, hurt his back on January 6, 1955 when a chair on which he was sitting collapsed. The Fund admitted general liability and thereafter, paid medical benefits for treatment and an operation. The Fund also paid temporary disability compensation which ended the week of September 15, 1955. A statement admitting general liability by the Fund was filed with the Commission which approved it on July 27, 1955.

The Commission by letter of March 29, 1956 advised the claimant that the Commission had been informed that he has been paid compensation in full for his accident and that unless the Commission hears to the contrary, it will assume this is correct and the matter will be closed. The claimant's wife replied to this letter and advised the Commission that the claimant has not fully recovered and it would be "most unwise" to close the file at this time.

On June 22, 1956, the Fund directed a letter to the claimant stating it was their position that no further treatment is needed due to his accident of January 6, 1955. This letter quoted a portion of a medical report from Dr. Charles G. Freed, wherein he concluded that any disability the claimant may have is due to pre-existing conditions and is not "fairly attributable to his injury of January 6, 1955." This letter also pointed out that if the claimant felt that the Fund's position in this regard was wrong, that he should furnish a report from a doctor indicating that the position which the Fund takes was incorrect. The claimant replied and

indicated that he has not had a satisfactory recovery and that he was experiencing back difficulties; that he was requesting a Dr. Abbey to submit a report regarding his present condition; and that the Fund's file should remain open. The record fails to reflect that Dr. Abbey submitted any medical report.

On November 28, 1956, the Fund advised the claimant that it would not be able to take care of any bills incurred by him after March 16, 1956, and that based upon the latest medical report received from Dr. Freed, the Fund takes the position that no further treatment was needed after March 16, 1956 when Dr. Freed examined the claimant and sent the Fund his report.

Other correspondence was exchanged and finally, on February 14, 1957, the Fund acknowledged a claimant's request to re-evaluate his case. In this letter, the claimant was advised that the Fund had not changed its position and that it had discharged its full liability to the claimant in connection with his accident. It was then suggested to the claimant that the burden of proof to establish his right to any further benefits is upon him and that if he wished to proceed, his case should be set for hearing by the Commission. The claimant was advised that if he desired such a hearing, he should make his wishes known and arrangements would be made for a hearing on any claim he might have.

From the date of this letter on February 14, 1957, the record reveals no further exchanges between the claimant and the Fund or the Commission until June 30, 1964, an interim of 7 years and 4 months approximately, when the claimant's attorney communicated with the Commission for the purpose of determining the procedure to be followed in seeking additional benefits because of the claimant's present condition allegedly caused by the accident in 1955. The Commission replied and enclosed Petition to Reopen forms.

On February 3, 1965, a Petition to Reopen the claim was filed with the Commission. The only hearing was

by a referee of the Commission and its purpose was confined solely to the question of the Commission's jurisdiction to consider the claimant's matter. The referee made a finding that the Commission did have jurisdiction. The Fund filed a Petition for Review with the Commission and thereafter, the Commission entered its Order reversing the referee's order and made a finding that the Commission is without jurisdiction to review this matter because more than six years had elapsed from the date of the accident. On a Petition for Rehearing, the Commission reaffirmed its finding and order that it was without jurisdiction.

Claimant then filed an action in the trial court seeking reversal of the Commission's order. After review, the trial court entered its judgment and decree affirming the order of the Commission.

The statutory basis for the Commission's denial of jurisdiction and the trial court's affirmance is C.R.S. 1963, 81-14-19:

"Upon its own motion on the ground of error, mistake or a change in condition, the commission, at any time within six years from the date of accident in cases where no compensation has been paid; or, at any time within two years after the date last payment becomes due and payable or within six years from the date of accident, whichever is longer, in cases where compensation has been paid, and after notice of hearing to the parties interested, may review any award and on such review, may make an award ending, diminishing, maintaining, or increasing compensation previously awarded, subject to the maximum and minimum provided in this chapter, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys already paid."

The claimant concedes that the Commission is without jurisdiction under this statute to reopen a case and hear it if more than six years has elapsed since the date

of an accident. However, he argues the statute does not bar the Commission's jurisdiction under the facts here, because the Commission has never made an award and that the claimant's case, in effect, remained pending because the claimant never consented to the closing of the Commission's file. At this point, it must be noted that at the hearing before the referee on the question of the Commission's jurisdiction, it was represented to the referee by the claimant that his Petition to Reopen was the only way to bring this matter to issue before the Commission, and that this was not in fact a Petition to Reopen because the case has never been closed and the Commission's jurisdiction to consider the claimant's case has continued through the interim years since the accident in 1955.

■ The claimant's arguments in support of his contention that the Commission still has jurisdiction are unique and somewhat intriguing but they are without validity. It is the essence of the claimant's argument that since the Commission never made a formal award as to the medical benefits and temporary disability compensation received by the claimant, the Commission can at any time without limitation review a claimant's request for additional benefits. It is his view that a Commission award comes into fruition only after a formal hearing. Such an interpretation would strip from C.R.S. 1963, 81-14-19 its obvious purpose which is to place a time limitation on the Commission's jurisdiction to revive and to increase or modify old awards.

■■ The action which the Commission took when it approved the Fund's admission of general liability on July 27, 1955 together with the payment to the claimant of benefits constituted an award for all intents and purposes under this statute. Therefore, in accordance with C.R.S. 1963, 81-14-19, the claimant had two years from the date the last payment was made under this award, or six years from the date of the accident, whichever is longer, to request the Commission on its motion

to review the award for the purpose of additional benefits. Under the facts here, the six year limitation from the date of the accident in 1955 would have been applicable. The record reveals an interim period of over ten years from the date of the accident to the date when the claimant filed his Petition to Reopen with the Commission. We hold, therefore, that the statute in question does bar the Commission from exerting jurisdiction under the facts here and the trial court's affirmance of the Commission's order was therefore proper.

Our holding in this respect is fully supported by *Brofman v. Industrial Comm.*, 117 Colo. 248, 186 P.2d 584, the facts of which are strikingly similar to the facts of the instant case. In *Brofman* like here, compensation and medical benefits were paid to the claimant without the necessity of a Commission hearing. More than ten years later, claimant sought additional benefits. It was therein held that a Commission approved payment of temporary disability compensation and medical bills is equivalent to an award as that term is used in C.R.S. 1963, 81-14-19.

In his brief, the claimant attempts to distinguish the facts of *Brofman* from the facts of the instant case. As we view the *Brofman* case, the distinction as attempted by the claimant lacks relevancy insofar as the rule laid down in *Brofman* is applicable to the facts before us in this controversy.

■ The fact that the claimant never consented to the closing of the Commission's file or the Fund's file on the completed payments of benefits is of no consequence. To hold otherwise would be to place an unreasonable and unwarranted condition precedent on the running of the statutory time limitation on the Commission's jurisdiction. Moreover, under the facts of this case, the claimant on at least two occasions, November 28, 1956 and again February 14, 1957, was informed by the Fund that its full liability to the claimant had been discharged. In addition, the Fund in its latter communication to the

claimant informed him that if he disputed the Fund's position, he should request a Commission hearing. The claimant took no action for over seven years. These notifications are clearly indicative of the fact that the claimant's matter was considered closed, and therefore, it was unimportant whether the claimant consented to the closing of the files or whether such closing was ever marked as having been formally closed. Under the clear provision of C.R.S. 1963, 81-14-19, it is the last payment of benefits which is significant and which operates to close the matter of an award in the files of the Commission and the Fund; and, as therein provided, a claimant thereafter has two years from that date or six years from the date of the accident, whichever is longer, to petition the Commission for a review of an award and for a grant of additional benefits.

Judgment affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCWILLIAMS and MR. JUSTICE KELLEY concur.