503 P.2d 1040 (1972)
James BALL, Petitioner,
v.
The INDUSTRIAL COMMISSION of Colorado et al., Respondents.
No. 71-429.
Colorado Court of Appeals, Div. I.
May 2, 1972.
Rehearing Denied June 20, 1972.
Certiorari Denied November 13, 1972.
*1041 Skelton & Miller, Darrell Skelton, Michael S. Matassa, Wheat Ridge, for petitioner.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for respondents, The Industrial Commission of Colorado and the Director of the Division of Labor.
Alious Rockett, Francis L. Bury, Feay Burton Smith, Jr., Denver, for respondents, Berkeley Moving & Storage and State Compensation Ins. Fund.
Selected for Official Publication.
SMITH, Judge.
James Ball appeals from an Industrial Commission denial of his petition to reopen a Workmen's Compensation claim. We reverse.
On February 7, 1956, James Ball, the petitioner, was injured in the course of his employment. Petitioner's employer admitted liability, and petitioner was awarded compensation which was reduced to a lump sum on April 4, 1957. The petitioner was adjudicated mentally ill by an order of the Denver County Court on October 31, 1960. In November of 1965, petitioner's present counsel was appointed his legal representative, and one year later a petition to reopen the original claim was filed. After a hearing, an order was entered by the referee dismissing the petition for lack of jurisdiction. This result was subsequently affirmed by the Industrial Commission on petitioner's request for review of the referee's order. The dismissal of the petition was based on C.R.S.1963, 81-14-19, to wit:
"Upon its own motion on the ground of error, mistake or a change in condition, the commission, at any time within six years from the date of accident in cases where no compensation has been paid; or, at any time within two years after the date last payment becomes due and payable or within six years from the date of accident, whichever is longer, in cases where compensation has been paid, and after notice of hearing to the parties interested, may review any award and on such review, may make an award ending, diminishing, maintaining, or increasing compensation previously awarded, subject to the maximum and minimum provided in this chapter, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys already paid."
It is undisputed that the petition to reopen was filed more than six years from the date of the accident.
The petitioner urges that the time provision of the statute is a statute of limitations and therefore can be tolled, while the respondents reply that the time limit established by the statute is a limitation upon the jurisdiction of the Industrial Commission and therefore cannot be tolled. Respondents rely on Harlan v. Industrial Commission, 167 Colo. 143, 447 P.2d 1009, which states that the "obvious purpose" of C.R.S. 1963, 81-14-19, "is to place a time limitation on the Commission's jurisdiction to revive and to increase or modify old awards." The holding of the case was "that the statute in question does bar the Commission from exerting jurisdiction under the facts . . .." In that case the court relied on Brofman v. Industrial Commission, 117 Colo. 248, 186 P.2d 584, which concluded with the following paragraph:
"More than six years having elapsed from the date of the accident before claimant's `petition to reopen' was filed with the commission, and more than two years having expired after the approval of the statutory amendment, we are of the opinion that it was right in declining to reopen the case, and that the district court properly sustained its conclusion."
Nowhere in the court's reasoning in Brofman is the term "jurisdiction" used.
*1042 These cases illustrate the problem resulting from various applications of the concept of "jurisdiction". In the strict legal sense jurisdiction refers to the authority of a judicial or quasi-judicial body to consider a particular matter. Black's Law Dictionary 991 (rev. 4th ed.) offers the following phrases from case law in defining jurisdiction: ". . . the authority by which courts and judicial officers take cognizance of and decide cases", "... the legal right by which judges exercise their authority", and ". . . the authority, capacity, power or right to act. . .." A lack of jurisdiction results from a denial or absence of power. Hence, no plea in bar, such as a statute of limitations, deprives a judicial or quasi-judicial body of jurisdiction. A plea in bar, when sustained, only deprives the party against whom the plea is asserted of the right to proceed or be heard. Unfortunately, it has become common practice, both for counsel and the courts, to say that a plea asserting a statute of limitations as a bar to an action "defeats the jurisdiction" of the court.
With this distinction in mind, analysis of the Harlan case indicates two possible meanings for that decision as it is related to the present question. One interpretation is that the court considered the statute to be "jurisdictional", meaning the commission was without authority or power to act after a period of six years. On the other hand, the court may have considered the provision to be a statute of limitations which, under the circumstances, constituted a bar to further proceedings in the case. The language of the statute is of little help in determining the correct interpretation of Harlan. The Brofman case, supra, stated:
"The clear intent and purpose of section 110 [now C.R.S.1963, 81-14-19],. . . is to give the commission, within six years from the date of the accident, authority to review the proceeding which resulted in the conclusion that compensation had been paid . . .."
The key to a meaningful construction of the statute must indeed lie with its intent and purpose, but what is not at all clear from its wording is whether the six-year limit was intended as an absolute restraint on the commission's authority.
The language in Mascitelli v. Giuliano & Sons Coal Co., 157 Colo. 240, 402 P.2d 192, is relevant in determining the intent and purpose of the statute:
"The purpose of this statute is not to place arbitrary power in the hands of the Commission, but to give it power, on request, to make equitable adjustments increasing awards where time has shown a change of condition. In analyzing the statute, we must keep in mind that the Workmen's Compensation Act is to be liberally construed to effectuate its humanitarian purpose of assisting injured workers."
In Mascitelli, the court held that the statute of limitations in C.R.S. `53, 81-14-19, the same provision that is in question here, was tolled by the filing of notice of intention to reopen a claim within the six year time limit. The fact that the court held the time limitation tollable indicates that the court could not have regarded the limitation to be jurisdictional.
The respondents state that the purpose behind a jurisdictional limitation would be to provide an end to litigation. We have no doubt that the legislature did have this purpose in mind when enacting the time limitation, but neither can we doubt that they also desired to afford assistance to workers injured in the course of employment. Were we to hold that the time limit in question was jurisdictional, we would be denying assistance to some workers who, like the petitioner, are unable to act within the statutory period for reasons commonly recognized as sufficient to prevent the barring of a cause of action. A statute of limitation adequately serves to bring an end to the possibility of litigation. Holding that the time limitation is an affirmative defense to be pled as a bar to a claim will more fully recognize the purposes underlying *1043 the provision's enactment. See Ammons v. Z. A. Sneeden's Sons, Inc., 257 N.C. 785, 127 S.E.2d 575, holding that a similar statute to the one at issue was a statute of limitations and not jurisdictional. Further, this court in Hildreth v. Director of Division of Labor (Industrial Commission), Colo.App., 497 P.2d 350, has held that a time limitation contained in C.R.S.1963, 81-18-18, of the Colorado Occupational Disease Disability Act is a statute of limitation and not a jurisdictional limitation.
The time limitation of C.R.S.1963, 81-14-19 is a statute of limitation which may be pled as a bar to a claim. This limitation is not a limitation of authority or jurisdiction, but is instead a legal defense.
Petitioner argues that the statutory time limit of six years was tolled by C.R.S.1963, 87-2-3(1):
(a) Whenever in any of the statutes of the state of Colorado heretofore or hereafter enacted, a limitation is fixed upon the time within which a right of action, right of redemption, or any other right, may be asserted either affirmatively or by way of defense, or an action, suit or proceeding based thereon, may be brought, commenced, maintained or prosecuted, and the true owner of said right is a person under disability at the time such right accrues, then:
(b) If such person under disability is represented by a legal representative at the time said right accrues, or if a legal representative is appointed for such person under disability at any time after said right accrues and prior to the termination of such disability, the applicable statute of limitations shall run against such person under disability in the same manner, for the same period, and with the same effect as it runs against persons not under disability. Such legal representative, or his successor in trust, in any event shall be allowed not less than two years after his appointment within which to take action on behalf of such person under disability, even though such two year period shall expire after the expiration of the period fixed by the applicable statute of limitations;. . .."
Respondents contend that C.R.S.1963, 81-14-19 is special legislation and that the above statute, as a general statute, will not apply to those provisions empowering the Industrial Commission to act. Respondents cite Miller v. Industrial Commission, 106 Colo. 364, 105 P.2d 404, but that case did not concern C.R.S.1963, 87-2-3(1), which specifically applies to all limitations of time contained in any of the statutes of the State of Colorado. We therefore hold that the time limitation of C.R.S.1963, 81-14-19, is tolled by provision of C.R.S.1963, 87-2-3(1).
By this decision we are not indicating how the commission should rule on the petition to reopen. This issue was not determined at the hearing and is not before this court.
We reverse and remand for further proceedings not inconsistent with this opinion.
DWYER and PIERCE, JJ., concur.