## No. C-199

Alan James, Industrial Commission of Colorado and The Director of The Industrial Commission of Colorado v. Irrigation Motor and Pump Company, Inc., and Aetna Insurance Company

(503 P.2d 1025)

Decided December 4, 1972.     Rehearing denied December 26, 1972.

Doty, Johnson & Summers, Bruce R. Johnson, for petitioner Alan James.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Peter L. Dye, Assistant, for Industrial Commission of Colorado and The Director of the Industrial Commission of Colorado.

Duane O. Littell, Peter F. Jones, for respondents Irrigation Motor and Pump Company and Aetna Insurance Company.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is a Workmen's Compensation case which is here for review of a judgment of the Court of Appeals, 30 Colo. App. 289, 494 P.2d 144. Our review is limited "to a summary review of questions of law." 1969 Perm. Supp., C.R.S. 1963, 81-14-17.

The claimant, Alan James, is a petitioner here, together with the Industrial Commission of Colorado and the Director of the Industrial Commission. Irrigation Motor and Pump Company, Inc., the employer, and Aetna Insurance Company, the insurer, are the respondents.

As stated by the Court of Appeals in its opinion,

"The issue is whether the Commission exceeded its authority in ordering the case reopened on July 10, 1970. Petitioners [respondents here] assert the Commission exceeded its authority because the statute of limitations had run."

The Court of Appeals, relying upon its application of the statute of limitations, agreed with the assertion of the employer and the insurer and reversed the Industrial Commission order reopening the case for consideration of permanent injuries. We disagree with the judgment of the Court of Appeals and reverse.

The statute of limitations provides:

"Upon his own motion on the ground of error, mistake or a change in condition, the Director, at any time within six years from the date of accident in cases where no compensation has been paid; or, at any time within two years after the date last payment becomes due and payable or within six years from the date of accident, whichever is longer, in cases where compensation has been paid, and after notice of hearing to the parties interested, may review any award and on such review, may make an award ending, diminishing, maintaining, or increasing compensation previously awarded, . . ." 1969 Perm. Supp., C.R.S. 1963, 81-14-19.

The critical facts show that claimant received a compensable injury to his eye on April 1, 1964; that the accident report was timely filed; that on May 7, 1964, Aetna filed a general admission of liablity for compensation "at $40 per week beginning April 9, 1964 and continuing during disability;" also, *for such permanent disability as may hereafter be determined to exist*"; that Aetna, on the same day, filed a "Notice of First Payment of Compensation" in the amount of $22.85, being compensation for the period from April 9, 1964, to April 13, 1964; that Aetna paid the doctor bills; that on December 10, 1969, an operation to remove a cataract from claimant's injured eye was performed; and that on March 2, 1970, claimant notified the Industrial Commission of the operation, advising that it was necessitated by the April 1, 1964 industrial accident.

In his letter claimant asked for advice on,

"the proper procedure for reporting this latest operation to the Commission. If you have special forms that I should fill out and also forms to be filled out by the doctors, please send these to me."

On March 27, 1970, still within the six-year period, claimant filed a petition furnished by the Commission, the prayer of which asks,

"that the Division of Labor, Workmen's Compensation Section reopen the above-entitled cause on its own motion according to Statute . . . ."

and that the matter be set for further hearing.

The employer and the insurer objected to claimant's petition to reopen on the ground that the petition "is not supported by any medical report."

The Director of the Division of Labor on April 10, 1970, entered an order denying the petition to reopen. No petition to review this order was filed. Although a detailed operative report from the claimant's doctor accompanied the March 27, 1970 petition to reopen, it did not "set forth the disability in terms of a percentage." It was on the basis of this technicality that the April 10 order was entered.

Subsequently, on June, 1970, petitioner filed a second petition to reopen. The employer again answered, relying on the statute of limitations, stating that,

"The Statute of Limitations herein involved has not been tolled by any action on the part of any party and, thus, constitutes a bar to the filing of a Petition to Reopen Claim at this time."

Chronologically, we should note at this point that the respondent-insurer filed with the Commission on June 3, 1970, its "final receipt," showing the payment of $22.85 as payment in full of compensation and the payment of $338.00 in medical payments. However, this document was not signed by either the injured employee or by the insurer and in the factual context of these proceedings it would have no legal effect.

The critical order of July 10, 1970, revoking the order of April 10, 1970, followed. A memorandum from the Supervising Referee to the Director of the Division of Labor dated July 2, 1970, is of sufficient import to record here. It read: "It is noted in this file that the claimant filed his Petition to Reopen his claim, received in this office March 27, 1970 and that the final date for filing a Petition to Reopen (within the six year period) would have been April 1, 1970. This claimant's Petition to Reopen was signed by him and also signed by his doctor and on the bottom of the doctor's report was included, 'If further information is needed, please notify us.' It is further noted that this medical report was not sufficient and, therefore, on April 10, 1970, the Director

entered his order denying the claimant's Petition to Reopen without anyone from this office notifying him of the fact that his medical report was insufficient, as he and his doctor had previously requested.

"Under these circumstances, do you feel that you should revoke and rescind your Order dated April 10, 1970, since the claimant did not file a Petition for Review of that Order and, in the interests of justice, can you go along with the proposition that the claimant's Petition to Reopen, received March 27, 1970, tolled the statute? If you feel that such an order should be entered, it should include setting the matter for hearing in Boulder, Colorado on the Referee's next trip."

The preamble to the order of July 10, 1970, revoking the April 10, 1970 order, reads:

"In the above-entitled cause, the Director, having reviewed the entire file, particularly his Order dated April 10, 1970, and having reconsidered claimant's petition to reopen his claim and the supporting documents filed March 27, 1970, and now being fully advised in the premises, finds that his Order dated April 10, 1970, was made in error and should be revoked, rescinded, and held for naught.

"The Director further finds that the claimant's petition for the Division of Labor to reopen and reconsider this cause on its own motion should be granted."

The employer and the insurer then applied for review, claiming that the Director, in entering the July 10, 1970 order acted without and in excess of his power; abused his discretion; and that order was based upon speculation and was contrary to the facts and the law. The Commission denied the petition for review. After further proceedings the matter reached the Court of Appeals.

We approach the solution to the problem presented, mindful that the Workmen's Compensation Act is to be liberally construed to effectuate its humanitarian purpose of assisting injured workers. *Mascitelli v. Giuliano & Sons,* 157 Colo. 240, 402 P.2d 192.

Our basic concern is with the statute of limitations. It applies differently where no compensation has been paid

than it does where compensation has been paid. In the former situation there is a flat six-year period of li nitation from the date of the accident. Where compensation 1as been paid the Director may reopen "at any time within t vo years after the date last payment becomes due and pa.able or within six years from the date of the accident, whichever is longer."

There is nothing in the file to indicate *the date the last payment became due and payable.* The respondents filed notices of *first* payment of compensation and general admission of liability admitting that claimant sustained an eye injury in the course of his employment. The general admission of liability was approved by the then Industrial Commission on May 8, 1964, "subject to further claim according to law." There were no additional medical reports submitted nor did the respondents file a final receipt, compromise agreement or request that the file be closed. In short, so far as the files in the case disclosed, the matter was *open* and the insurer might still have been making payments. In any event, "the date last payment becomes due and payable" was not determinable from the files of the Commission. Since it was a compensable injury and compensation was paid, there necessarily must come a time when the last payment becomes due and payable in order for the statute to commence to run.

The Court of Appeals, in striking down the claimant's argument that the Commission had continuing jurisdiction because the case remained open, cited *Harlan v. Industrial Commission,* 167 Colo. 413, 447 P.2d 1009, as dispositive of the issue. We disagree. That decision is distinguishable on the facts.

In *Harlan,* both the Industrial Commission (fifteen months after the injury) and the Fund (seventeen and twenty-two months after the injury) informed the claimant that it considered the matter closed, and that if he felt otherwise, he should so notify the Commission. The claimant's failure to act, in any way whatsoever, for over seven years after the Fund's last communication with him, must be considered as

.implied acceptance of the closing of his case. Such inexcusable inaction is not present in the instant case.

■ Under the circumstances here the claimant by his letter of March 2, 1970, and his formal petition to reopen, which was filed March 27, 1970, with a medical report showing a change in the condition of his eye, effectively tolled the statute of limitations before the lapse of six years from the accident (April 1, 1964). *Mascitelli v. Giuliano, supra.* This is true even assuming that the statute commenced to run on April 1, 1964. Consequently, the claimant does not need to rely on, nor do we need to consider, the question of when *the last* payment became due and payable.

■ The order of April 10, 1970, was entered without hearing or notice thereof to the claimant. 1969 Perm. Supp., C.R.S. 1963, 81-14-19. It was therefore an invalid order. The Director had jurisdiction to correct the error by the order of July 10, 1970. *Gregorich v. Industrial Commission,* 117 Colo. 423, 188 P.2d 886.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for further proceedings consonant with the views herein expressed.

MR. JUSTICE GROVES concurs in the result.

MR. JUSTICE DAY and MR. JUSTICE ERICKSON do not participate.

MR. JUSTICE GROVES concurring in the result:

Aetna filed a general admission for temporary disability and "for such permanent disability as may hereafter be determined to exist." There was no hearing concerning permanent disability and no award was made concerning it. While petitioner called his pleading a Petition to Reopen, in reality it was simply a petition for an award for permanent disability. The Commission should have acted on the subject for the first time. To me, reopening of the case or the running or tolling of the statute of limitations are not involved.