**Donald H. THYE, Petitioner,**

v.

**VERMEER SALES & SERVICE and American Hardware Mutual Insurance Company, and Industrial Commission of the State of Colorado, and Charles McGrath, Director of the Division of Labor, Respondents.**

No. 82CA0725.

Colorado Court of Appeals, Div. III.

March 10, 1983.

Weller, Friedrich, Hickisch & Hazlitt, Michael S. Krieger, Denver, for petitioner.

DeMoulin, Anderson, Campbell & Laugesen, P.C., Robert L. McGahey, Jr., Denver, for respondents Vermeer Sales & Service and American Hardware Mut. Ins. Co.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Charles McGrath.

KELLY, Judge.

Claimant, Donald H. Thye, seeks review of a final order of the Industrial Commission which denied his petition to reopen his claim for workmen's compensation benefits on grounds that it was not timely filed. We affirm.

Claimant suffered a blow to his head in September 1972 and received immediate treatment for an open wound. A few weeks later he began to experience seizures, and in November 1972, he underwent brain surgery. Claimant stated that he had had seizures prior to 1966, when he had also had a craniotomy, but experienced no seizures between 1966 and 1972. In July 1973, he filed a claim for compensation benefits, alleging permanent disability from a brain injury. His injury was found to be compensable, and he was awarded permanent dis-

ability of five percent as a working unit in May 1974.

On March 7, 1975, claimant filed a petition to reopen. Hearings were held and medical reports were submitted which indicated that claimant was not working and was totally disabled, at least for the kind of work for which he was trained. In an order entered in January 1976, a referee found that claimant's condition had "appreciably worsened" and that he had an additional five percent permanent partial disability. The employer and insurer were ordered to pay him $4,254, in weekly payments of $64.75, beginning March 7, 1975.

The petition to reopen here was filed in October 1981. Claimant again alleged a worsening of his condition and subsequently submitted a medical report stating that, in the doctor's opinion, claimant was disabled by an epileptic condition and could not be employed. The Division of Labor summarily denied and dismissed the petition as untimely. The order stated that more than six years had elapsed since September 15, 1972, when claimant sustained his accidental injury, and that more than two years had elapsed since the last date payment of compensation was due and payable under the referee's January 1976 order. *See* § 8–53–119, C.R.S.1973 (1982 Cum.Supp.).

In his first appeal to the Industrial Commission, claimant argued that the Division of Labor erred in finding that he sustained an accidental injury on September 15, 1972. Relying on *City of Boulder v. Payne,* 162 Colo. 345, 426 P.2d 194 (1967), he argued that he was entitled to an evidentiary hearing to determine the date when he, as a reasonable man, would have known the seriousness of his injury and, hence, when the six-year period for filing a petition to reopen commenced. It is not disputed that this period, rather than the alternate two-year period of limitation from the date of the last payment of compensation, is applicable to him. *See* § 8–53–119, C.R.S.1973 (1982 Cum.Supp.).

The Commission affirmed the dismissal of claimant's petition to reopen. Based on its

review of the record, the Commission concluded that September 15, 1972, was the date when claimant knew of the nature, seriousness, and probable compensable character of his injury and that an evidentiary hearing on this issue was not necessary. In its final order, the Commission rejected claimant's further contention that where a claimant experiences a substantial worsening of condition which, because of the nature of his injury, claimant could not reasonably have anticipated, he cannot, for purposes of the time limitation of § 8–53–119, be charged with knowing the nature and seriousness of his injury until that worsening manifests itself.

Claimant now appears to concede that for purposes of an initial claim for benefits, the date of his injury was September 15, 1972, or at least a date which is more than six years before he filed his 1981 petition to reopen. He argues, however, that by analogy to *City of Boulder v. Payne, supra,* "date of injury" as used in § 8–53–119, "is that date when a reasonable person should recognize that his injury is of such a nature that a change of condition is likely to occur," and that he is entitled to an evidentiary hearing to determine that date here. We do not agree.

Initially, we note that the Commission applied the statute as it was amended in 1975 and which was in effect at the time claimant filed his petition to reopen rather than the statute in effect at the time of his accident in 1972. The 1975 amendment changed the starting date for the running of the time period for filing a petition to reopen from "date of accident" to "date of injury" and added a provision relative to action by the director on a request for reopening. Colo.Sess.Laws 1975, ch. 71 at 307. We need not decide whether the amended statute, in fact, controls, *see generally* 3 A. Larson, *Workmen's Compensation Law* § 81.20 (1976), since the result we reach would be the same under either version of the statute.

Section 8–53–119, C.R.S.1973 (1982 Cum. Supp.), the version incorporating the 1975 amendment, provides, insofar as pertinent:

"Upon his own motion on the ground of error, mistake, or a change in condition, the director [of the Division of. Labor], ... at any time ... within six years *from the date of injury* ... after notice of hearing to the parties interested may review and reopen any award .... The director shall grant or deny a request filed by any interested party asking that the case be reopened under this section and shall state his reasons therefor." (emphasis supplied)

■ This statutory language provides, without ambiguity, that the six-year period of limitation commences running on the "date of injury." While *City of Boulder v. Payne, supra,* adopts the rule that the limitation period for filing an initial claim begins "when the claimant as a reasonable man, should recognize the nature, seriousness and probable compensable character of his injury," once a factual determination has been made as to the date when the injury occurred, that date remains fixed for purposes of calculating the limitation period for a petition to reopen. *Cf. Ball v. Industrial Commission,* 30 Colo.App. 583, 503 P.2d 1040 (1972), *partially overruled, Kuckler v. Whisler,* 191 Colo. 260, 552 P.2d 18 (1976).

■ Where the meaning of a statutory provision is clear and no absurdity is involved, the language is not subject to construction. *American Metal Climax, Inc. v. Claimant in re Death of Butler,* 188 Colo. 116, 532 P.2d 951 (1975); *State Compensation Insurance Fund v. Velasquez,* 628 P.2d 190 (Colo.App.1981). We may not read into the statute a provision that the limitation period is extended when changes of condition manifest themselves after the period has expired.

■ Since claimant's petition to reopen in October 1981 was not filed within six years of the date of initial injury, as claimant has conceded, the Division of Labor and the Commission did not err in denying his request without a hearing. *See Service Supply Co. v. Vallejos,* 169 Colo. 14, 452 P.2d 387 (1969); *Brofman v. Industrial Commission,* 117 Colo. 248, 186 P.2d 584

(1947); *Wallace v. Industrial Commission,* 629 P.2d 1091 (Colo.App.1981).

Order affirmed.

VAN CISE and KIRSHBAUM, JJ., concur.