William JOHNSON, Petitioner,

v.

John J. McDONALD, Gary B. Rose, Individually and as members of the Industrial Commission of the State of Colorado, the Industrial Commission of the State of Colorado, Charles McGrath, The Director of the Division of Labor of the State of Colorado and Beatrice Foods, Inc., Respondents.

No. 83CA1319.

Colorado Court of Appeals, Div. I.

Feb. 21, 1985.

Sawaya, Rose & Roads, P.C., Richard B. Rose, Michael A. Roads, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ann Whiteside, Asst. Atty. Gen., Denver, for respondents Industrial Commission and Director of the Division of Labor.

DeMoulin, Anderson, Campbell & Laugesen, P.C., Kathleen M. Janski, Denver, for respondent Beatrice Food Company.

PIERCE, Judge.

The claimant, William Johnson, seeks review of a final order of the Industrial Commission dismissing his claim for permanent partial disability. We set aside the order.

The claimant sustained an admittedly compensable accident on June 18, 1981. On July 2, 1981, claimant's employer, Beatrice Foods Company, filed a general admission of liability for temporary disability and "for such permanent disability as may hereafter be determined to exist." On October 21, 1982, the employer filed a special admission of liability for temporary disability for the period from June 19, 1981, to August 2, 1981. The employer also "admitted" liability for temporary partial disabili-

ty and permanent partial disability of "zero dollars and zero percent." The admissions of liability filed by the employer on July 2, 1981, and October 21, 1982, both contained the following "Notice to Claimant" in bold-faced type:

> "This admission will be approved by the director unless you notify the division of labor ... in writing within 30 days of the above date that you contest said admission."

The claimant did not respond to either admission of liability within the prescribed 30 days.

In January 1983, claimant requested a hearing on the issue of permanent disability; however, the hearing officer dismissed the matter on the basis that the employer's special admission of liability filed on October 21, 1982, had become a final award when the claimant failed to contest it within the prescribed 30 days, and therefore, the claimant was entitled to "zero percent" for temporary partial disability and for permanent partial disability. On review, the Commission adopted and affirmed the order of the hearing officer.

The claimant contends here that his failure to respond to the employer's special admission of liability did not constitute a final adjudication of his claim, and therefore, the Commission erred in dismissing his claim for permanent disability benefits. We agree.

■ An admission of liability, which on its face becomes approved after thirty days, if uncontested, has been construed as a final award within the provisions of the workmen's compensation act. *See Harlan v. Industrial Commission,* 167 Colo. 413, 447 P.2d 1009 (1968); *In re Claim of Brunetti v. Industrial Commission,* 670 P.2d 1246 (Colo.App.1983); *cf. Vargo v. Industrial Commission,* 626 P.2d 1164 (Colo.App.1981). However, in those cases, the claimant, by his conduct, tacitly agreed to accept the payments made under an admission of liability in settlement of his claim. In contrast, here, the only payments made by the employer were for temporary total disability, and these payments

were made prior to the special admission of liability filed on October 21, 1982. Further, the employer's "special admission of liability" constituted in substance, a denial rather than an admission of liability for permanent partial disability. And claimant's failure to contest such a denial could not reasonably be construed as a settlement of his claim.

The effect of the Commission's ruling was to consider the "Notice to Claimant" on the admission of liability form as giving rise to a substantive rule of procedure authorizing the dismissal of any claim in which the claimant fails to respond to a denial of liability by the employer within a 30-day period. Yet, no reference is made, in either the decision of the hearing officer or that of the Commission, to any rule, regulation, or statute authorizing such a procedure. Although a new rule by the Industrial Commission, Rule XI H.2, 7 Code Colo.Reg. 1101.3, has been since promulgated addressing the notice issue in general, it was not in effect at the time of claimant's request for a hearing; and, therefore, it has no effect here.

Moreover, § 8–53–102(2), C.R.S., provides, in pertinent part:

> "No receipt or settlement shall be final unless in conformity with the provisions of articles 40 to 54 of this title and the rules and regulations of the commission or until such receipt or settlement has been approved by the director."

There was no evidence presented here that this statutory requirement was met. *Cf. Granite Construction Co. v. Leonard,* 40 Colo.App. 20, 568 P.2d 500 (1977); *see also* § 8–53–105, C.R.S. (1984 Cum.Supp.); *see generally, Padilla v. Industrial Commission,* 696 P.2d 273 (Colo.1985).

The employer also argues that claimant's failure to contest the special admission of liability constituted a waiver of his claim. We disagree.

■ There are public policy considerations which militate against applying the doctrine of waiver to claims for workmen's compensation benefits. *See* 3 A. Larson,

**812**

*Workmen's Compensation Law* §§ 82.30 and 82.40. However, even if the doctrine were applicable to such claims, it would not be applicable here. Under contract law, waiver is the voluntary or intentional relinquishment of a known right. *See Ewing v. Colorado Farm Mutual Casualty Co.,* 133 Colo. 447, 296 P.2d 1040 (1956). We conclude that, under the circumstances presented here, claimant's failure to respond to the employer's admission of liability cannot be interpreted as the intentional relinquishment of his claim for permanent disability benefits.

The order of the Commission is set aside, and the cause is remanded to the Commission for further proceedings in connection with claimant's claim for permanent disability.

VAN CISE and TURSI, JJ., concur.