**TWILIGHT JONES LOUNGE and the New Hampshire Insurance Company, Petitioners,**

v.

**Darrell W. SHOWERS; the Industrial Commission of the State of Colorado; Robert J. Husson, as the Director of the Division of Labor; Gary B. Rose, Mike Baca, and Robert Knous, Sr., as Commissioners of the Industrial Commission, Respondents.**

No. 85CA1747.

Colorado Court of Appeals, Div. III.

Sept. 4, 1986.

Rehearing Denied Oct. 23, 1986.

Certiorari Denied (Twilight) Feb. 23, 1986.

Greengard & Senter, Scott R. Cook, Denver, for petitioners.

Ranson, Thomas & Yukawa, Jon C. Thomas, Colorado Springs, for respondent Darrell W. Showers.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for respondents Industrial Com'n, Robert J. Husson, Gary B. Rose, Mike Baca, and Robert Knous, Sr.

TURSI, Judge.

Twilight Jones Lounge and the New Hampshire Insurance Company (petitioners) seek review of a final order of the Industrial Commission which awarded Dar-rell Showers (claimant) workmen's compensation benefits for disfigurement pursuant to § 8–51–105, C.R.S. (1985 Cum.Supp.). We affirm the order.

Claimant was stabbed in the abdomen by a customer while working as a bartender at the Twilight Jones Lounge. He underwent surgery and had residual scarring, which the hearing officer described as follows.

> "There exists a surgical scar of approximately 8 inches length, and ¹⁄₁₆ inch width, running vertically from approximately 6 inches above his navel, to below his navel. This scar is red in color. To the right of this surgical scar, is a scar which appears to be the result of the original stab wound, and is approximately 4 inches in length and approximately ¼ inch in width. This scar appears reddish in color."

The Industrial Commission found the scarring constituted permanent disfigurement of a part of the body normally exposed to public view and awarded claimant $1000 in compensation pursuant to § 8–51–105, C.R.S. (1985 Cum.Supp.).

Section 8–51–105 provides:

> "If any employee is seriously permanently disfigured about the head, face, or parts of the body normally exposed to public view, the director, in addition to all other compensation benefits provided in this article, may allow such sum for compensation on account thereof as he may deem just, not exceeding two thousand dollars."

■ The sole issue presented for review is whether the abdomen is a part of the body "normally exposed to public view." Petitioners assert that only those portions of the body normally exposed in the course of claimant's employment are within the purview of the statute. We disagree.

There are no cases in Colorado construing the term "public view" for compensation purposes, and the term is not defined in the Colorado Workmen's Compensation Act, § 8–40–101, et seq., C.R.S. Thus, the

term should be construed according to its familiar and generally accepted meaning. *See* § 2–4–101, C.R.S. (1980 Repl.Vol. 1B); *Englebrecht v. Hartford Accident & Indemnity Co.,* 680 P.2d 231 (Colo.1984).

"Public" is defined in *Websters 3d New International Dictionary* as "accessible to or shared by all members of the community." This definition is the generally accepted meaning and is also consistent with the humanitarian purpose of the Act.

Many workers wear uniforms or protective clothing in industrial settings which far exceed what is normally worn in public. If a disfigurement award were limited to those parts of the body exposed in the workplace, workers such as mechanics, who might for industrial purposes wear uniforms with long sleeves, could not, for example, recover for otherwise conspicuous disfigurement to a frequently-exposed arm. Such an interpretation is inconsistent with legislative intent. *See Arkin v. Industrial Commission,* 145 Colo. 463, 358 P.2d 879 (1961) (ability to conceal disfigurement does not defeat entitlement to benefits).

We next consider whether the abdominal area is a part of the body "normally exposed" to public view. The hearing officer, whose award was adopted and affirmed by the Commission, reasoned that if the scars would be apparent in swimming attire, compensation would be appropriate. We agree with this reasoning.

Males commonly appear at swimming pools or other public places without upper body garments during warm and sunny months. On those occasions, the abdominal area is exposed. Therefore, we conclude that the disfigurement award for this scar commencing six inches above the navel and running to two inches below the navel was a proper interpretation of § 8–51–105, C.R.S. *See Arkin v. Industrial Commission, supra.* Especially is this interpretation warranted when consideration is given to the beneficent purposes for which the Workmen's Compensation Act

exists. *See James v. Irrigation Motor & Pump Co.,* 180 Colo. 195, 503 P.2d 1025 (1972).

Order affirmed.

PIERCE and STERNBERG, JJ., concur.