Linda WELCH, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Director, Division of Labor, Department of Labor and Employment, State of Colorado; State Compensation Insurance Fund; and Treeforms, Inc., Respondents.

No. 85CA0688.

Colorado Court of Appeals, Div. II.

May 8, 1986.

Gary J. Hale, P.C., Gary J. Hale, Denver, for petitioner.

Michael J. Barbo, Denver, for respondents State Compensation Ins. Fund and Treeforms, Inc.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Director, Division of Labor.

VAN CISE, Judge.

Claimant, Linda S. Welch, seeks review of an order of the Industrial Commission affirming the decision of hearing officer Paul H. Leibowitz dismissing and denying claimant's claim for workmen's compensation benefits for a leg injury incurred by her in June 1983. On review, claimant challenges the hearing officer's and the Commission's determination that her injury

did not arise out of or in the course of her employment. Claimant also contends that inasmuch as the order was signed by Leibowitz in August 1984 after termination of his regular employment as a hearing officer in July, it was thereby invalid and unenforceable. We remand for further consideration of the jurisdictional issue.

Following a hearing on November 29, 1983, Leibowitz signed an order on August 28, 1984, which contained detailed findings of evidentiary facts and conclusions of law. He concluded that claimant's injury did not occur within the course and scope of her employment and ordered her claim dismissed. Claimant's petition for review, raising the same issues she raises here, was referred to the Commission.

In their answer to claimant's jurisdictional claim, employer and its insurer, State Compensation Insurance Fund, submitted affidavits executed by Chief Hearing Officer Edwin Felter and Charles McGrath, then the Director of the Division of Labor. Felter averred that, although Leibowitz had entered the private practice of law in July 1984, he continued after that date to be a temporary, part-time employee for the purpose of completing work in progress and signing orders on cases he had heard, acting sometimes on a paid basis and sometimes on an unpaid basis. According to both affidavits, Leibowitz worked with the specific knowledge and approval of McGrath.

Employer also submitted a copy of a "supplemental order," issued by Felter in another workmen's compensation proceeding in which a similar challenge had been made to Leibowitz's authority to enter orders following his resignation. In this order, Felter stated:

"As a matter of fact, Hearing Officer Paul Leibowitz has been on and off the payroll of the Division of Hearing Officers as a temporary employee (for the purposes of issuing orders only) since resigning from the Division of Hearing Officers in July, 1984. During periods of time that Hearing Officer Leibowitz has not actually been on the payroll, he has been fully authorized by the undersigned Chief Hearing Officer, as well as by the Director of the Division of Labor, to be a non-paid employee for purposes of signing orders (or having others sign orders) which he previously dictated or referred the preparation of to the prevailing counsel."

In response to the jurisdictional issue in the instant case, the Commission, in its April 1985 order, affirmed Leibowitz's order. It stated that it had examined Felter's supplemental order and affidavit and McGrath's affidavit and found no other evidence on record refuting Leibowitz's authority based on his part-time status. In support of its order, the Commission cited § 8–46–106, C.R.S., and § 8–46–107, C.R.S. (1985 Cum.Supp.).

On review in this court, claimant contends that Leibowitz's August 1984 order was void. Respondents assert that nothing in the record substantiates claimant's allegation that Leibowitz was no longer a hearing officer when he signed the order and that claimant's assertion in her petition for review, without an additional showing, was insufficient to create a genuine issue. Respondents further assert that since it is the Commission's order, following review of the record, which constitutes the final order in a case, and since the Commission affirmed the evidentiary and ultimate facts as found by Leibowitz, claimant suffered no prejudice from the August 1984 order.

■ With regard to respondents' second assertion, entry of a valid order by a hearing officer is a prerequisite to review and entry of an order by the Commission. In the absence of a valid hearing officer's order, there is nothing for the Commission to review, and any order it enters in review of the invalid order is a nullity. *See State Compensation Insurance Fund v. Fulkerson,* 680 P.2d 1325 (Colo.App.1984). Hence, if the hearing officer's order is jurisdictionally defective, the Commission's order denying benefits to claimant is likewise invalid.

■ With regard to respondents' first assertion, we hold that claimant's allegation that Leibowitz lacked authority to enter the August 1984 order because he was no longer employed as a hearing officer was sufficient to constitute a jurisdictional challenge. A sufficient challenge having been raised, an additional hearing should have been conducted on the jurisdictional issue. *See* § 8–53–103(1), C.R.S. (1985 Cum.Supp.) ("Hearings shall be held to determine any controversy concerning any issue arising under articles 40 to 54 of this title."); § 8–53–111(4), C.R.S. (1985 Cum. Supp.) (In ruling on petition to review, director or hearing officer may set the matter for further hearing.).

Here, Leibowitz was acting in a quasi-judicial role. Accordingly, we find persuasive the rationale of *Merchants Mortgage & Trust Corp. v. Jenkins*, 659 P.2d 690 (Colo.1983), and *Olmstead v. District Court*, 157 Colo. 326, 403 P.2d 442 (1965).

In *Merchants*, the trial judge, after being sworn in as a member of this court, entered judgment in a district court case which he had heard prior to being appointed to this court. The Supreme Court, in vacating the judgment, held:

"Absent constitutional or statutory authorization, a former district court judge does not have authority to act in a judicial capacity, and orders entered by such a person after he ceases to be a district court judge are void."

Similarly, in the absence of some showing of continued authority, an individual who enters an order following termination of employment as a hearing officer does not have authority to enter the order as a hearing officer. Moreover, entry of an order by a person lacking authority to do so is not, as the Commission insinuates, an omission of a technical nature which should be ignored.

Here, contrary to respondents' assertion, Chief Hearing Officer Felter's supplemental order in the unrelated case constitutes a sufficient showing of record that Leibowitz terminated his employment as a hearing officer in July 1984, prior to the execution and issuance of the August 1984 order.

The issue thus becomes whether, as the Commission concluded, Leibowitz had continuing authority, following termination, to enter orders on cases which he had heard prior to his resignation. To have that continuing authority, he needed to be employed in some manner as a hearing officer.

In finding that Leibowitz had continuing authority, the Commission relied in part on § 8–46–107(1), C.R.S. (1985 Cum.Supp.), last amended in 1976.

That section provides:

"For the purpose of making any investigation or conducting any hearing with regard to any matter contemplated by the provisions of articles 40 to 54 of this title, the director shall have power to appoint, with the approval of the executive director of the department of labor and employment by an order in writing, any competent person as an agent or referee, whose duties shall be prescribed in such order. Any referee conducting a hearing under article 53 of this title shall be appointed in the same manner as a hearing officer is appointed pursuant to part 10 of article 30 of title 24, C.R.S."

■ However, § 8–53–101, C.R.S. (1985 Cum.Supp.), enacted in 1983, vests original jurisdiction to hear and decide all matters arising under the Workmen's Compensation Act in the Director of the Division of Labor and hearing officers employed by the division of hearing officers in the department of administration. Section 24–30–1003, C.R.S. (1982 Repl. Vol. 10) authorizes the appointment of hearing officers and provides that: "Hearing officers shall be appointed in accordance with the provisions of section 13 of article XII of the state constitution and the laws and rules governing the state personnel system." Hearing officers thus fall within the ambit of the state personnel system. *See Campbell v. State*, 176 Colo. 202, 491 P.2d 1385 (1971).

To the extent that § 8–46–107(1) could be construed as authorizing the appointment

of individuals outside the state personnel system to conduct hearings and enter orders thereon, that section conflicts with § 8–53–101. *Cf.* § 8–53–104, C.R.S. (1985 Cum.Supp.) (authorizing appointment of special hearing officers for sole purpose of conducting hearings). However, § 8–53–101 which, in effect, requires hearing officers to be within the state personnel system is the more specific statute and is the statute enacted last in time; thus, it is controlling. *See Ortega v. Industrial Commission,* 682 P.2d 511 (Colo.App.1984); *Denver v. Hansen,* 650 P.2d 1319 (Colo. App.1982).

Some forms of temporary employment are recognized by our constitution and statutes. Colo. Const. art. XII, § 13(9) provides:

"The state personnel director may authorize the temporary employment of persons, not to exceed six months, during which time an eligible list shall be provided for permanent positions. No other temporary or emergency employment shall be permitted under the personnel system."

This provision is codified in § 24–50–114, C.R.S. (1982 Repl.Vol. 10), which authorizes temporary appointments to positions within the state personnel system.

Prior to 1981, temporary appointments to fill a vacancy in a permanent position required the prior approval, except in emergencies, of the state personnel director. *See* § 24–50–114, C.R.S. (1982 Repl.Vol. 10). However, in 1981, the State Personnel System Act was amended in numerous respects to provide for more efficient administration of the state personnel system. *See Colorado Ass'n of Public Employees v. Lamm,* 677 P.2d 1350 (Colo.1984). As a result, heads of principal departments were made responsible for the actual operation and management of the state personnel system for their departments. Section 24–50–101(3)(d), C.R.S. (1982 Repl.Vol. 10); *Colorado Ass'n of Public Employees v. Lamm, supra.* In conjunction therewith, a substantial revision of the statute was made such that § 24–50–114(2), C.R.S. (1982 Repl.Vol. 10) now provides:

"The state personnel director may, by rule, authorize principal department heads ... to employ persons from outside the state personnel system on a temporary basis while an eligible list is being provided or in emergency or seasonable situations nonpermanent in nature, but in each case the period of employment shall not exceed six months...."

It thus appears that the state personnel director no longer must approve temporary appointments. *But cf.* § 24–50–114(5), C.R.S. (1982 Repl.Vol. 10).

State Personnel System Rule 5–2–1, in effect at the pertinent time, *see* 4 Code Colo.Reg. 801–1 at 54–55.02, provided that appointing authorities, which includes department heads and division heads, *see* State Personnel System Rules 1–4–1(B) and 1–4–2, 4 Code Colo.Reg. 801–1 at 5.01, may fill a vacancy in a permanent position by transfer, non-disciplinary demotion, appointment from eligible list, reinstatement, or temporary appointment. State Personnel System Rule 5–2–1 further provided that the various methods for filling a vacancy must be considered in the following order: transfer, non-disciplinary demotion, department reemployment list, reappointment or reinstatement, from another departmental reemployment list, from examination eligible list, and conditional or provisional (temporary) appointment. *See also* §§ 24–50–112, 24–50–113 and 24–50–115, C.R.S. (1985 Cum.Supp.) (governing creation of eligible list and employment lists and the priorities thereof).

■ Here, there is no indication in the record that Leibowitz's continued "employment" fell within the ambit of a temporary appointment or, if it did, whether such appointment complied with the State Personnel System Act and the State Personnel System Rules. Moreover, the existence of an employment relationship under the State Personnel System Act is somewhat belied by the averment that Leibowitz was performing his duties sometimes on a paid basis and sometimes on an unpaid basis.

In the absence of an employment relationship falling within the normal purview of the State Personnel System Act, an employment relationship may be created via a contract for personal services. *See* § 24–50–128, C.R.S. (1982 Repl.Vol. 10). However, § 24–50–128(3), C.R.S. (1982 Repl.Vol. 10), provides in pertinent part:

> "It is declared to be the policy of the state that contracts for personal services which create an employer-employee relationship shall normally not be used to fill permanent or temporary positions in the state personnel system where the duties of such positions are classified and where such duties are commonly or historically performed by employees in regular positions under the state personnel system."

That section further provides that the state personnel director must approve or disapprove a contract for personal services.

Here, there is no indication that Leibowitz's continued "employment" was pursuant to a contract for personal services or, if it was, whether such contract was entered into in compliance with the provisions of § 24–50–128(3), C.R.S. (1982 Repl.Vol. 10).

Based on the record before us, there is insufficient evidence from which to determine the issue of whether Leibowitz's continued "employment" was an authorized form of employment under the State Personnel System Act and, if so, whether the pertinent provisions of the Act and Rules were complied with in creating the employment relationship.

Accordingly, the cause is remanded to the Commission for the purpose of conducting a hearing on the jurisdictional issue. If, as a result of the hearing and any Commission review thereof, it is determined that Leibowitz's August 1984 order was jurisdictionally invalid, that order and the Commission's April 1985 order must be set aside, the merits of the claim shall be redetermined, and this petition for review shall be dismissed. If Leibowitz is found to have had jurisdiction on August 28, 1984, the case shall be recertified to this court for further review of that issue and,

if appropriate, for consideration of the merits of the claim.

SMITH and BERMAN, JJ., concur.