NEOPLAN USA CORPORATION and Reliance Insurance Company, Petitioners,

v.

The INDUSTRIAL COMMISSION OF the STATE OF COLORADO; James Leroy Filbeck; and Director, Division of Labor, Department of Labor and Employment, Respondents.

No. 85CA1328.

Colorado Court of Appeals, Div. II.

May 8, 1986.

James R. Clifton & Associates, P.C., James R. Clifton, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ann Whiteside, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Director, Div. of Labor, Dept. of Labor and Employment.

John Gehlhausen, P.C., John Gehlhausen, Lamar, for respondent James Filbeck.

SMITH, Judge.

Petitioners, Neoplan USA Corporation and Reliance Insurance Company, seek review of a final order of the Industrial Commission granting workmen's compensation benefits to claimant, James Leroy Filbeck. On review, petitioners contend, *inter alia,* that R. Michael Mullins, who signed the hearing officer order granting compensation, lacked authority to do so because at the time he signed the order he had previously terminated his employment as a hearing officer. We remand for further consideration of the jurisdictional issue.

Following hearings in this matter, Mullins, by letter dated May 23, 1984, directed claimant's attorney to prepare an order awarding claimant benefits. That letter stated, in part: "This letter is not to be construed as an order or directive of the Division of Labor for purposes of review." After objections to the proposed order as drafted were submitted, Mullins signed an order awarding benefits on August 20, 1984.

In their petition to review that order, petitioners contended, *inter alia,* that at the time of issuance of the order Mullins was no longer a hearing officer in the Colorado Department of Administration and, accordingly, lacked jurisdiction and authority to enter the order. The Commission modified the August 1984 order, but did not make any reference to the jurisdictional issue. This review followed.

■ In response to petitioners' jurisdictional argument, claimant contends that the May 23, 1984, letter to claimant's counsel directing preparation of an order is sufficient to constitute an order under § 8–53–110, C.R.S. (1985 Cum.Supp.), and that there is no issue as to Mullins' authority as of May 23, 1984. Claimant further contends that there is no evidence in the record that Mullins lacked authority to issue the August 20, 1984, order.

We find claimant's first contention untenable. The letter was merely a direction to draft an order. The letter specifically provided petitioners' counsel the opportunity to object to the proposed order. Moreover, the letter indicated that it was not an order for purposes of review. Until such time as the hearing officer signed an order denominated as such, he was free to change his mind and the parties' rights and liabilities were not established. *Cf.* C.R. C.P. 58(a)(3) (where court directs party to prepare written form of judgment, judgment does not enter until court signs judgment).

■ With regard to claimant's second contention, *Welch v. Industrial Commission,* —— P.2d —— (Colo.App. No. 85CA0688, May 8, 1986) is dispositive. Petitioners' assertion in their petition to review Mullins' order was sufficient to give rise to the jurisdictional issue and to necessitate a determination of that issue.

In accordance with *Welch v. Industrial Commission, supra,* the cause is remanded to the Commission with directions to determine such issue. If on remand it is determined that Referee Mullins lacked jurisdiction to enter the order, the merits of the claim shall be redetermined; and this petition to review shall be dismissed. If Mullins is found to have had jurisdiction on August 20, 1984, the case shall be recertified to this court for determination of the review on its merits.

BERMAN and VAN CISE, JJ., concur.