NEOPLAN USA CORPORATION and Reliance Insurance Company, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO; James Leroy Filbeck; and Director, Division of Labor, Department of Labor and Employment, Respondents.

Nos. 85CA1328, 88CA0617.

Colorado Court of Appeals, Div. 1.

June 15, 1989.

Rehearing Denied July 13, 1989.

TURSI, Judge.

Petitioners, Neoplan USA Corporation and Reliance Insurance Company, contest a final order of the Industrial Claim Appeals Office (Panel) which upheld the appointments of a referee and a hearing officer and the orders which were entered by them. We affirm.

In *Neoplan USA Corp. v. Industrial Commission,* 721 P.2d 157 (Colo.App.1986), we remanded this matter for determination whether Referee Michael Mullins had jurisdiction to enter an order granting an award. Upon remand Richard L. Goold was appointed as a hearing officer to determine the issue of Mullins' jurisdiction. Petitioners filed a motion seeking to have Goold recuse himself and objecting to his appointment on the grounds that Goold had a conflict of interest. Goold denied the motion and held that Mullins had jurisdiction to enter the order. Petitioners also objected to the fact that Goold wrote to David A. Reid, personnel administrator for the Department of Administration, to request documents and an opinion as to Mullins' status.

The Panel affirmed Goold's order which found that Mullins was properly employed as a hearing officer at the time he entered the order. The Panel also held that Goold was properly authorized to enter the order affirming Mullins' order and that he had adequately addressed the respondents' challenge to his impartiality in a prior order.

I

Petitioners contend the Panel erred in concluding that Mullins and Goold were properly authorized to enter orders because they were not approved by the State Personnel Director as required under § 24–50–114(5), C.R.S. (1988 Repl.Vol. 10B). We disagree.

Section 24–50–114(5) provides that "the prior approval of all temporary appointments to permanent positions shall be obtained from the state personnel director before such temporary appointments are

Clifton & Hemphill, P.C., James R. Clifton, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Michael P. Serruto, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office and Div. of Labor, Dept. of Labor and Employment.

John Gehlhausen, P.C., John Gehlhausen, Lamar, for respondent James Leroy Filbeck.

made...." That section is inapplicable since Mullins was appointed on a temporary basis to fill a temporary need and was not appointed to a position which was to be permanent. The Panel correctly determined that Mullins fell within the ambit of a temporary appointment and that the appointment complied with the State Personnel System. Thus, it properly concluded that Mullins had the authority to enter the contested orders. *See Welch v. Industrial Commission,* 722 P.2d 439 (Colo.App.1986). See also § 8–53–104, C.R.S. (1988 Repl.Vol. 3B).

Petitioner also contends that contrary to Colo. Const. art. XII, §§ 13(7) & 13(9), Goold was appointed for a period of time exceeding 6 months. This argument was raised for the first time before the Panel and a copy of Goold's contract appointing him for forty hours of professional services not to exceed one year was attached to petitioner's brief to the Panel.

Generally, matters not certified and transmitted to the Panel will not be considered on review. *See Apache Corp. v. Industrial Commission,* 717 P.2d 1000 (Colo.App.1986). However, in *Neoplan USA Corp. v. Industrial Commission, supra,* this court held that the appointment question was jurisdictional. Therefore, we conclude that for purposes of this review it may be raised at any time.

Pursuant to *Matthews v. Industrial Commission,* 627 P.2d 1123 (Colo.App. 1980), we have authority to decide the constitutionality of statutes involved in proceedings before the Industrial Claim Appeals Office. In doing so, we must presume that the challenged statute is valid. *See Meyer v. Industrial Commission,* 644 P.2d 46 (Colo.App.1981).

Section 24–50–114(2), C.R.S. (1988 Repl. Vol. 10B), provides that "The state personnel director may, by rule, authorize principal department heads and presidents of colleges and universities to employ persons from outside the state personnel system on a temporary basis while an eligible list is being provided or in emergency or seasonable situations nonpermanent in nature, but in each case the period of employment shall not exceed six months or one thousand forty hours in any twelve-month period." Here, although Goold's contract with the Division of Labor did not require nor was it completed within a six-month period, it did provide that his services were to be compensated at an hourly rate and were not to exceed forty hours. Thus, the Panel properly concluded that based on § 24–50–114(2), neither the constitution nor § 24–50–128, C.R.S. (1988 Rep. Vol. 10B) (contracts may not exceed six months within a twelve-month period) had been violated.

In *Colorado Ass'n of Public Employees v. Lamm,* 677 P.2d 1350 (Colo.1984), § 24–50–101(3)(d), C.R.S. (1988 Repl.Vol. 10B) was held to be constitutional. Section 24–50–101(3)(d) provides that heads of principal departments shall be responsible for the actual operation and management of the state personnel system for their departments. Although *Welch v. Industrial Commission,* 722 P.2d 439 (Colo.App.1986) did not address a constitutional challenge to § 24–50–114(2), we did determine, based on *Colorado Ass'n of Public Employees v. Lamm, supra,* that the state personnel director no longer must approve temporary appointments. Accordingly, we now hold that § 24–50–114(2), which provides for temporary appointments in its entirety, is constitutional. We also conclude, based on the reasons set forth above, that § 24–50–128 is not in conflict with the constitution.

## II

Petitioners next contend that the orders were invalid because Goold failed to recuse himself on the basis of conflict of interest. We disagree.

Petitioner bases its contention on the fact that Goold, while acting as an attorney some four and one-half years prior to the present action, called petitioner's attorney a "smart-ass" and "a nasty little fellow."

Here, however, there was no allegation that Goold had a personal, financial, or official stake in the decision which would evidence a conflict of interest on his part. *See Mountain States Telephone &*

*Telegraph Co. v. Public Utilities Commission,* 763 P.2d 1020 (Colo.1988). The resolution of the issue whether Mullins had jurisdiction to enter his original order was based upon statutory interpretation and written documents. The interpretation of these statutes and documents is a matter of law reviewable by the Panel and by this court. We conclude that the hearing officer and the Panel correctly construed the applicable statutes and documents. Therefore, even if we were to assume that it would have been better practice for Goold to have recused himself, his failure to do so was, at most, harmless error. *See In re Marriage of Mann,* 655 P.2d 814 (Colo. 1982); *Giralt v. Vail Village Inn Associates,* 759 P.2d 801 (Colo.App.1988).

### III

Petitioners also contend that Goold's order should be set aside because he made an *ex parte* request for documents from the personnel administrator. We disagree.

Here, the personnel director testified to the same facts as were in his letter, and the records concerning Mullins were admitted without objection at the hearing. Therefore, the error, if any, was harmless. Section 8–53–122, C.R.S. (1986 Repl.Vol. 3B); *see Smith v. Industrial Commission,* 735 P.2d 921 (Colo.App.1986).

### IV

Petitioners finally contend that there is insufficient evidence to support the finding that claimant sustained a compensable injury. We agree with the Industrial Commission's conclusion that there was substantial evidence to support the hearing officer's findings that claimant's injury arose out of and in the course of claimant's employment. That conclusion is therefore binding on review. *See May D & F v. Industrial Claim Appeals Office,* 752 P.2d 589 (Colo. App.1988).

Order affirmed.

HUME and RULAND, JJ., concur.