**Lyndall K. ORTH f/k/a Lyndall Moon, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OF-FICE of the State of Colorado, Southland Corporation, and Kemper National Insurance Companies, Respondents.**

No. 97CA0297.

Colorado Court of Appeals, Div. II.

July 10, 1997.

Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, for Petitioner.

White & Steele, P.C., Janice M. Greening, Robert H. Coate, Denver, for Respondents Southland Corporation and Kemper National Insurance Companies.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John D. Baird, Assistant Attorney General, Denver, for Respondent Industrial Claim Appeals Office.

Opinion by Judge DAVIDSON.

In this workers' compensation action, Lyndall K. Orth (claimant) seeks review of the order entered by the Industrial Claim Appeals Office (Panel) upholding an order of a Prehearing Administrative Law Judge (PALJ) which approved her settlement

agreement with her employer, Southland Corporation, and its insurer, Kemper National Insurance Companies. We set aside the order.

Claimant sustained an admitted injury on January 14, 1991, and her employer filed its final admission of liability on December 20, 1993. Claimant petitioned to reopen her claim in July 1996. The parties thereafter entered into a written settlement agreement dated October 11, 1996, in which claimant agreed to waive any further right to benefits in exchange for a payment of $1,500. The agreement was approved by the PALJ on October 21, 1996.

Claimant was not represented by counsel either at the time she entered into the settlement or at the time it was approved. However, subsequently through counsel, claimant filed a timely petition to review with the Panel.

As grounds for her petition, claimant asserted that the PALJ had convinced her to accept her employer's settlement offer and had otherwise acted in excess of his authority and contrary to the law. Claimant additionally argued that the PALJ erred by failing to have a record made of the proceedings before him.

On review, the Panel upheld the PALJ's order of approval, finding that it constituted a proper exercise of the PALJ's authority under § 8-43-207.5(2), C.R.S. (1996 Cum. Supp.). The Panel also accorded the PALJ a presumption of integrity and impartiality with respect to his conduct in these proceedings and further determined that, absent a request from claimant, the PALJ was under no requirement to make a record of the proceedings.

■ Claimant seeks review of that order, arguing that the PALJ exceeded his authority in approving her settlement because she had proceeded *pro se*. Claimant also contends that the settlement agreement is void *ab initio* because, contrary to its terms, it contains no approval by the Division of Administrative Hearings. However, we conclude that the PALJ's order is not appealable and, therefore, that the Panel lacked jurisdiction to address the merits of claimant's argu-

ment. Consequently, we do not reach the issues raised by claimant.

Section 8-43-207.5, C.R.S. (1996 Cum. Supp.), which defines the role of a PALJ, provides in pertinent part, as follows:

(2) Prehearing administrative law judge' means a qualified person appointed by the director pursuant to section 8-47-101 to preside over prehearing conferences pursuant to this section, to approve settlements pursuant to section 8-43-204, to conduct settlement conferences pursuant to section 8-43-206.... Such prehearing administrative law judges shall have authority to: Order any party to participate in a prehearing conference; *issue interlocutory orders;* issue subpoenas....

(3) An order entered by a prehearing administrative law judge shall be an order of the director and binding on the parties. *Such an order shall be interlocutory.* ... (emphasis supplied)

■ Parties to a workers' compensation claim may not petition for administrative or judicial review of interlocutory orders. *See* § 8-43-301(2), C.R.S. (1996 Cum.Supp.); *Natkin & Co. v. Eubanks,* 775 P.2d 88 (Colo. App.1989); *Oxford Chemicals, Inc. v. Richardson,* 782 P.2d 843 (Colo.App.1989); *Eastman Kodak Co. v. Industrial Commission,* 725 P.2d 107 (Colo.App.1986); *Cibere v. Industrial Commission,* 624 P.2d 920 (Colo. App.1980). While it may appear to be a misnomer to refer to an order approving a settlement as interlocutory, *see Padilla v. Industrial Commission,* 696 P.2d 273 (Colo. 1985), nevertheless, under the statute, an order of a PALJ approving a settlement is not subject to review.

■ However, insofar as claimant's assertion that the PALJ exceeded his authority may raise jurisdictional questions, as distinct from a claim of fraud or mutual mistake of fact, *see* § 8-43-204, C.R.S. (1996 Cum. Supp.), those issues may properly be determined in a hearing before an ALJ pursuant to § 8-43-207, C.R.S. (1996 Cum. Supp). *See Neoplan USA Corp. v. Industrial Commission,* 721 P.2d 157 (Colo.App.1986)(matter remanded to determine whether referee had authority to enter order); *Welch v. In-*

*dustrial Commission,* 722 P.2d 439 (Colo.App.1986)(additional hearing should have been held to address claimant's allegation that hearing officer's order was jurisdictionally defective).

Accordingly, the order of the Panel is set aside and the cause is remanded to the Panel with instructions to dismiss without prejudice the petition for review.

PLANK and BRIGGS, JJ., concur.