QUESTION PRESENTED AND CONCLUSION
Issue: Do the vendor offset requirements of Section 24-30-202(1), C.R.S. (1999) apply to CWCB contracts with federal, state and local government agencies?
Conclusion: No. While the legislative history does not indicate whether the General Assembly intended the vendor offset system to apply to governments, application of the principles of statutory construction supports the conclusion that the vendor offset system does not apply to federal, state and local government agencies.
 BACKGROUND
1. The Colorado Water Conservation Board
The Colorado Water Conservation Board ("CWCB") is a state agency created by the General Assembly to aid in the protection and development of the waters of the state for the benefit of present and future inhabitants of the state. Section 37-60-102, C.R.S. (1999). The CWCB has a duty "to promote the conservation of the waters of the state in order to secure the greatest utilization of such waters and the utmost prevention of floods." Section37-60-106(1), C.R.S. (1999). To that end, the CWCB has a duty to cooperate with federal, state and local governments and agencies regarding flood prevention and the greater utilization of waters of the state, with such cooperation sometimes including sharing the expenses of gathering data and information. Section37-60-106(1)(a), (d), (e), and (f), C.R.S. (1999). To share such expenses, the CWCB enters into contracts with federal, state and local government agencies.
2. The Vendor Offset Intercept System and the Vendor Offset Special Provision
In 1997, the General Assembly enacted H.B. 97-1207, which amended Part 2 of Article 30 of Title 24, C.R.S., to establish a method by which the State Controller may recover debts due the state by withholding payment on state contracts with the debtors. 1997 Colo. Sess. Laws, Ch. 179, Section 2. Adopted as part of H.B. 97-1207, Section 24-30-202.4 (3.5), C.R.S. (1999) authorizes the State Controller to implement the vendor offset intercept system. In the course of approving disbursements of state funds under state contracts, if the State Controller finds the recipient of such funds owes an unpaid balance or debt to a state agency, the Controller may withhold the amount of the disbursement that does not exceed the amount of such unpaid balance. Section 24-30-202.4
(3.5)(a)(I), C.R.S. (1999). The types of unpaid balances or debts for which the Controller may withhold a disbursement are (1) child support; (2) certain taxes; (3) student loans; (4) overpayment of unemployment benefits; and (5) any other debt owed to the state after the debtor has been given due process (notice and an opportunity to be heard). Section 24-30-202.4 (3.5)(a)(I), C.R.S. (1999).
H.B. 97-1207 also amended Section 24-30-202(1) to require that any state contracts involving the payment of money by the state entered into on or after July 1, 1997 contain a clause notifying the other party to the contract of the State Controller's authority to withhold such debts. Rule 3-1 of the Colorado State Fiscal Rules requires that all state contracts contain the "Special Provisions," which are attached to Rule 3-1 as Appendix A. 1 CCR 101-1, Rule 3-1. The Special Provisions address Controller's approval, fund availability, bond requirements, indemnification, discrimination and affirmative action, Colorado labor preference, and other contracting issues. The contract clause required by H.B. 97-1207, referred to herein as the "vendor offset Special Provision," was added to the Special Provisions effective July 1, 1997 and reads as follows:
 Pursuant to CRS 24-30-202.4 (as amended), the state controller may withhold debts owed to state agencies under the vendor offset intercept system for: (a) unpaid child support debt or child support arrearages; (b) unpaid balance of tax, accrued interest, or other charges specified in Article 22, Title 39, CRS; (c) unpaid loans due to the student loan division of the department of higher education; (d) owed amounts required to be paid to the unemployment compensation fund; and (e) other unpaid debts owing to the state or any agency thereof, the amount of which is found to be owing as a result of final agency determination or reduced to judgment as certified by the controller.
3. Negotiations Concerning the Vendor Offset Special Provision
The CWCB has negotiated cost-sharing agreements with federal agencies since the addition of the vendor offset Special Provision to state contracts. At least two federal agencies have objected to and demanded that the CWCB omit that provision, asserting that the provision does not apply to federal agencies or to cost-sharing agreements. The CWCB anticipates that this issue will arise again in future federal cost-sharing contracts, and may arise in contract negotiations with state or local government agencies as well.
 ANALYSIS
The goal of statutory construction is to determine and give effect to the legislative intent. Regional Transportation Dist. v. Voss,890 P.2d 663, 667 (Colo. 1995). Because the vendor offset statute does not define "debt" or "vendor," these terms must be given their commonly accepted meaning. Id.
The threshold question is whether other governments may legally incur "debts" within the meaning of the vendor offset system. Federal, state and local governments are not capable of incurring three categories of debt that the State Controller may collect under the vendor offset intercept system: (1) unpaid child support debts and arrearages; (2) unpaid taxes, interest and charges subject to offset under Section 39-21-108(3), C.R.S. (1999); and (3) unpaid student loans. However, it appears that governments may create other types of financial obligations to the state within the meaning of the vendor offset statute, such as owing money to the state of Colorado's Unemployment Compensation Fund, or owing a debt to the state resulting from a final state agency determination.
Because federal, state and local governments can incur at least two types of debt covered by the vendor offset system, it is necessary to determine whether the vendor offset intercept system applies to governmental entities.
The next question is whether governmental entities are "vendors," as that term is used in the vendor offset statute. Part 2 of Article 30, Title 24, C.R.S. (1999) does not define "vendor" in the context of the vendor offset intercept system. The failure to define "vendor," coupled with the requirement that the vendor offset Special Provision be included in all contracts involving the payment of money by the state, results in an ambiguity in Part 2 of Article 30 of Title 24, C.R.S. as to whether the vendor offset system applies to governmental entities. Further, the legislative history of H.B. 97-1207 is silent on whether the General Assembly considered the applicability of the vendor offset system to governmental entities and on the issue of what types of entities are covered by the statute. Application of the rules of statutory construction may be used to interpret a statute that lacks express definitions. Martin v. Montezuma-Cortez School Dist.RE-1, 841 P.2d 237, 246 (Colo. 1992).
The interpretation of a statute by the administrative official charged with administering and enforcing the statute is entitled to deference. Indus. Claim Appeals Office v. Orth, 965 P.2d 1246,1254 (Colo. 1998). The State Controller, as manager of the state's finances, approves all disbursements of state funds, and advises and assists state agencies in collecting debts due to the state through the vendor offset system. Sections 24-30-202(2), 202.4(1) and 202.4(3.5)(a)(I), C.R.S. (1999). Based upon his office's involvement in formulating H.B. 97-1207, the State Controller indicates that the original purpose of the bill was to coordinate recovery of the state's largest pools of accounts receivable, as evidenced by the types of debts listed in the bill. These types of debts are owed exclusively by private parties, not government. The State Controller interprets H.B. 97-1207 as excluding contracts with other governments.
The State Controller's Office published the Vendor Offset Training Guide (hereinafter referred to as "Training Guide") on June 9, 1998 to explain the vendor offset system to its employees. The Training Guide states that the vendor offset process applies only to individuals and companies paid from the Colorado Financial Reporting System ("COFRS"). Training Guide at 2. In the COFRS system, all entities that receive payments of state funds from COFRS are listed as "vendors." Thus, the vendor file includes entities that do not fit within the standard definition of "vendor." These include state employees who receive reimbursements for travel expenses and governments that receive payments from the state (such as payments of highway user funds to counties, inspection fees to federal agencies, and payments under state and federal cooperative agreements). The Training Guide expressly states that, as a matter of policy, neither governments nor state employees listed in the vendor file are subject to offset. Id.
The Training Guide contains vendor offset tables set up by the Controller's Office to provide information needed for processing, reporting and validating transactions. Training Guide at 5. One of the tables, labeled "VOIE" (Vendor Offset Intercept Exception Table), "[i]dentifies global exceptions from the vendor offset process. For example, the vendor entity type G (government) is currently exempted from offset." Id. In fact, the computer program used to implement the vendor offset system is programmed to ignore requests from state agencies to offset debts owed by governmental entities. Clearly, the Controller's interpretation of the statute is consistent with the exclusion of CWCB contracts with federal, state and local government agencies.
 SUMMARY
Federal, state and local governments/agencies are not capable of incurring three of the five categories of debt covered by the vendor offset system. The State Controller's Office excepts governmental entities from its implementation of the vendor offset system, based upon the State Controller's interpretation of H.B. 97-1207 as not applying to governments. While the legislative history is silent on this issue, application of the principles of statutory construction support the conclusion that the General Assembly did not intend the vendor offset system to apply to governments, and consequently, that the vendor offset Special Provision should not be included in state contracts involving the payment of money to federal, state, or local governments/agencies.
Submitted this 3rd day of January, 2000.
KEN SALAZAR Attorney General
LINDA J. BASSI, #24468 Assistant Attorney General Natural Resources and Environment 1525 Sherman Street, 5th Floor Denver, Colorado 80203